Janet D. CHECKETTS, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 02–3264.

United States Court of Appeals,
Federal Circuit.

Oct. 17, 2002.

Before MICHEL, GAJARSA, and DYK,
Circuit Judges.

PER CURIAM.

Janet D. Checketts seeks review of the
final decision of the Merit Systems Protec-
tion Board ("Board") dismissing her appeal
for lack of jurisdiction. Because the
Board did not commit legal error, we *af-
firm.*

BACKGROUND

Ms. Checketts was employed by the De-
partment of Treasury, Internal Revenue
Service ("agency") as a GS–8 Contact Rep-
resentative. In a letter dated February
25, 2000, the agency proposed the removal
of Ms. Checketts from her employment for
making false or misleading statements in
matters of official interest. On June 12,
2000 the agency issued a decision letter
removing Ms. Checketts, effective June 16,
2000. The June 12th letter advised Ms.
Checketts that she could elect to appeal
her removal to the Merit Systems Protec-

tion Board, or file a discrimination complaint directly with the agency, under Part 1614 of the Equal Opportunity Commission regulations. (Letter of June 12, 2000) (*citing* 29 C.F.R. § 1614.302(b)). Ms. Checketts elected to retire, effective June 17, 2000.

On June 28, 2000, Ms. Checketts filed a formal equal employment opportunity complaint with the agency (EEO complaint), claiming that her retirement was involuntary and that the agency forced her to retire in retaliation for prior Equal Employment Opportunity activity and because of her age. Ms. Checketts withdrew her EEO complaint on September 14, 2000.

On October 19, 2000 Ms. Checketts filed an appeal to the Board of her June 17 separation. In its initial decision, the Administrative Judge dismissed Ms. Checketts's appeal for lack of timeliness, holding that under 5 C.F.R. 1201.22(b), she was required to file her appeal within 30 days of the date she retired. *Checketts v. Dep't of the Treasury*, No. DE–0752–01–0019–I–1 (Initial Decision). On May 11, 2001, Ms. Checketts sought Board review of the initial decision. The Board denied the petition for review, but reopened the appeal on the Board's own motion under 5 C.F.R. § 1201.118. *Checketts v. Dep't of the Treasury*, No. DE–0752–01–0019–I–1 (Final Order). The Board then vacated the initial decision, and dismissed the appeal for lack of Board jurisdiction on a different ground. *Id.* The Board held that once Ms. Checketts made an informed election to proceed with her complaint through the agency's EEO process under 29 C.F.R. § 1614.302, she was "bound to exhaust that process prior to filing a Board appeal." *Id.* at 3. The Board further determined that because Ms. Checketts withdrew her EEO complaint, and the agency had not delayed for more than 120 days in deciding her complaint before she withdrew it, the Board did not have jurisdiction to entertain her appeal. *Id.* at 4.

Ms. Checketts timely sought review in this court.

## DISCUSSION

■ We have jurisdiction to review the Board's decision because the Board did not reach the merits of Ms. Checketts's discrimination claim when it dismissed the appeal for lack of jurisdiction. As a general rule, this court has jurisdiction over final Board decisions. 5 U.S.C. § 7703(b)(1) (2002). But appeals of Board decisions involving allegations of discrimination, where the Board reached the merits of the discrimination claim, must be reviewed by the district courts. 5 U.S.C. § 7703(b)(2) (2002); *Williams v. Dep't of Army*, 715 F.2d 1485, 1491 (Fed.Cir.1983). There is one exception. When the Board rules on "procedural or threshold matters," we have jurisdiction over the appeal. *Ballentine v. Merit Sys. Prot. Bd.*, 738 F.2d 1244, 1247 (Fed.Cir.1984). Because the Board's determination of the scope of its own jurisdiction is a "procedural or threshold matter," this court, rather than a district court, reviews the Board's jurisdictional decision. *Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101–02 (Fed.Cir.1985); *Sloan v. West*, 140 F.3d 1255, 1261 (9th Cir.1998). We thus have jurisdiction over this appeal.

Decisions of the Board must be sustained unless they are "1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence." 5

U.S.C. § 7703(c) (2002); *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed.Cir.2000). Whether the Board has jurisdiction to adjudicate a case is a question of law, which we review without deference. *Monasteri*, 232 F.3d at 1378, (*citing Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995)).

The Board's jurisdiction is limited to that expressly granted by statute, rule or regulation. *Hartman v. Merit Sys. Prot. Bd.*, 77 F.3d 1378, 1380 (Fed.Cir. 1996). The statutory scheme grants an aggrieved employee an election either (1) to file a discrimination complaint directly with the employing agency, or (2) to appeal the unfavorable employment action directly to the Board. 5 U.S.C. §§ 7121(g)(2), 7701(a), 7702(a) (2002); 29 C.F.R. 1614.302(b) (2002). Once the employee elects to file a discrimination complaint directly with the employing agency, however, the statute grants further jurisdiction to the Board to hear the complaint only after the employee has exhausted the EEO complaint process. Exhaustion is possible in one of two ways: (1) if the agency has come to a final decision, the Board has jurisdiction to hear an appeal of that agency decision. 5 U.S.C. § 7702(a) (2002); (2) alternatively, if the agency delays action on the employee's discrimination complaint for more than 120 days from the filing of the complaint without coming to a final decision, the employee may withdraw the EEO complaint and file an appeal of the unfavorable employment action directly with the Board. 5 U.S.C. § 7702(e)(2) (2002).

The regulations also embody this elective complaint scheme. Final Opinion at 3. Under 29 C.F.R. § 1614.302, "[a]n aggrieved person may initially file a mixed case complaint with an agency pursuant to this part *or* an appeal on the same matter with the MSPB pursuant to 5 C.F.R. 1201.151, *but not both."* 29 C.F.R. § 1614.302(b) (2002) (emphases added). Once a party elects to file a complaint directly with the agency under Section 1614.302, Section 1201.154(b) restricts the availability of any further review by the Board to the occurrence of one of two conditions. Section 1201.154(b) provides:

> (b) If the appellant has filed a timely formal complaint of discrimination with the agency:
>
> (1) An appeal [with the Board] must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue; or
>
> (2) If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days.

5 C.F.R. § 1201.154(b) (2002).

In *Ballentine*, this court held that the Board was correct in finding a lack of jurisdiction to hear a petitioner's claim, where the petitioner had previously filed an EEO complaint and "had not waited to file his appeal at the MSPB until either the agency decided the discrimination appeal before it or until 120 days had passed from the date of filing the complaint at the agency." 738 F.2d at 1248.

Under both the statute and the regulations, once a party files an EEO complaint, that party is precluded from seeking Board review of the unfavorable employment action until she has exhausted the EEO process, either by obtaining a final decision on the complaint, or by waiting

120 days from the filing of the complaint for a final agency decision. An employee also may not withdraw the EEO complaint before the agency has had 120 days to consider the complaint, in order to pursue an appeal of the employment action directly with the Board.

In this case Ms. Checketts initially elected to file her discrimination complaint with the agency. Ms. Checketts subsequently withdrew her EEO complaint and filed an appeal with the Board, without awaiting a final decision from the agency and without waiting 120 days from the filing of her complaint. Although Ms. Checketts alleges in her brief to this court that she withdrew her EEO complaint because of a "lack of cooperation" from the regional complaint center, Pets. Br. at 1, she was still obligated to await the agency's final decision or failure to timely act upon her complaint, before filing a Board appeal. She could not confer jurisdiction on the Board by prematurely terminating the process she initially elected to follow. The Board's determination that it did not have jurisdiction to entertain Ms. Checketts's appeal under these circumstances was correct.

### CONCLUSION

For the forgoing reasons, the Opinion and Order of the Board are affirmed.

### COSTS

No costs.