# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL P. MCGRATH,
        Appellant,

        v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
DC-0752-14-0001-I-1[1]

DATE: September 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Michael P. McGrath, Chesapeake, Virginia, pro se.

Mary Kate DeMane, Portsmouth, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his furlough appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] Pursuant to 5 C.F.R. § 1201.36, this appeal was part of a consolidation. *U.S. Fleet Forces Command – Galinas I v. Department of the Navy*, MSPB Docket No. DC-0752-15-0658-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective July 8, 2013, the agency subjected the appellant to a furlough for 6 discontinuous days. Initial Appeal File (IAF), Tab 1 at 5, 8-17. He received the agency's decision notice on June 25, 2013. *Id.* at 3. He filed an appeal with the Board regarding the furlough on September 30, 2013, and declined a hearing. IAF, Tab 1.

¶3 On May 7, 2015, the administrative judge issued an order informing the appellant that his appeal appeared to be untimely because it was filed more than 30 days beyond both his receipt of the agency's decision notice and the effective date of the agency's action.[3] IAF, Tab 4. He ordered the appellant to file

---

[3] The agency's decision notice stated that a Board appeal must be filed "within 30 days after the effective date of your first furlough day, or 30 days after the date of your receipt of this decision, whichever is later." IAF, Tab 1 at 15 (emphasis added). To the extent that the administrative judge should have inquired into the first date the appellant actually served his furlough, rather than relying on the effective date of the agency's decision, we discern no harm. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The appellant's initial appeal form indicates that he served his first furlough day during the week of July 8, 2013. IAF, Tab 1 at 5. The agency contends on review that the appellant served his first furlough day on July 8, 2013. Petition for Review (PFR) File, Tab 4 at 6.

evidence and argument to satisfy his burden of establishing that his appeal was timely filed or, if it was not, that good cause existed for the filing delay. *Id.*

¶4    The appellant failed to respond to the administrative judge's order regarding timeliness. *See* IAF, Tab 6, Initial Decision (ID). The administrative judge then issued an initial decision dismissing the appeal, finding that it was untimely filed without good cause. ID.

¶5    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He contends that he did not timely receive the administrative judge's order regarding timeliness due to problems with the Board's e-Appeal system, and that he was unable to timely file his appeal because he first pursued his claim through the agency's equal employment opportunity (EEO) process. *Id.* The agency filed a response, to which the appellant did not reply. PFR File, Tab 4.

¶6    As to his failure to respond to the administrative judge's order regarding timeliness, the appellant claims that: (1) he believed email notifications he received from the e-Appeal system were "merely status updates, not official documents," because they did not contain PDF attachments as was indicated when he registered as an e-filer; (2) when he attempted to login into the e-Appeal system, he repeatedly had "login problems" that resulted in him being locked out of the system; (3) he was again locked out of the system on May 8, 2015, when he made an error in entering the docket number while trying to view the document; and (4) he was notified on May 11, 2015, "that the document had been unlocked," but he could not access the document until May 17 or 18, after the initial decision was issued, because he had traveled out of town for a funeral due to "a death in the family." PFR File, Tab 1 at 4-5.

¶7    We are not convinced, based on the foregoing, that the appellant exercised due diligence in pursuing his appeal.[4] Regardless, for the reasons set forth below,

---

[4] We discern no basis for the appellant's conclusion that e-Appeal notifications not containing PDF attachments related to "status updates" rather than "official documents" and, apparently, that he was not required to view so-called "status updates" in a timely

even if we were to consider the evidence and argument the appellant presents on review regarding timeliness, it would not warrant a different outcome in this appeal.

¶8     The appellant states that he was unable to timely file his Board appeal because he first filed an EEO complaint, at which time the EEO counselor informed him that his "complaint did not qualify as an EEO complaint" and directed him to pursue a Board appeal. PFR File, Tab 1 at 4. He states that he promptly filed his Board appeal upon receiving this information. *Id.*

¶9     In support of this argument, the appellant submits a letter from the agency's EEO counselor, indicating that the appellant sought EEO counseling on August 29, 2013, and received counseling on September 27, 2013, after several scheduling conflicts. *Id.* at 6. During EEO counseling, "it was determined that [the appellant's] furlough issue was not EEO related," so the appellant decided to pursue a Board appeal and withdrew his EEO contact. *Id.* The agency thus closed the EEO matter and no further action was taken under EEO procedures. *Id.*

¶10     The appellant's evidence concerning his EEO contact does not establish good cause for his filing delay. The appellant was required to file his Board appeal no later than August 7, 2013, 30 days after the agency effected its furlough action.[5] *See* 5 C.F.R. § 1201.22(b)(1). He did not contact the EEO counselor

---

manner. In fact, the Board's regulations specify that e-filers must monitor activity in the e-Appeal Repository to ensure receipt of all documents. 5 C.F.R. § 1201.14(j)(3). Moreover, the appellant has not explained why the funeral he attended on May 11, 2015, prevented him from retrieving the document on that date, or why he did not attempt to retrieve it for a week thereafter, particularly given that he had been aware of and attempting to retrieve it for days prior. There also is no evidence that the appellant took any steps to notify the administrative judge or the agency that he was having difficulty viewing documents in the Repository, although he was clearly aware that such documents existed.

[5] As previously stated, it appears that the appellant served his first furlough day on Monday, July 8, 2013, but, in any event, there is no dispute that it occurred no later

until August 29, 2013,[6] after the deadline to file a Board appeal had passed. Thus, his contact with the EEO counselor cannot have affected his ability to timely file a Board appeal under 5 C.F.R. § 1201.22.[7] He has proffered no other explanation for waiting until September 30, 2013, to file his appeal. We therefore affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

than Friday, July 12, 2013. In the latter case, his deadline would have been Monday, August 12, 2013. *See* 5 C.F.R. § 1201.23.

[6] As the agency points out, an employee generally has 45 days from the effective date of an action to initiate EEO contact, *see* 29 C.F.R. § 1614.105(a), and the appellant appears to have first contacted the EEO counselor beyond this deadline. However, we are not in a position to make a ruling as to the timeliness of the appellant's EEO contact. *See Moore v. U.S. Postal Service*, 91 M.S.P.R. 277, ¶ 6 (2002).

[7] The mixed case time limits set forth at 5 C.F.R. § 1201.154 are inapplicable here because the appellant withdrew his informal EEO complaint and never filed a formal complaint of discrimination with the agency. *See Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 8 n.1 (2007). To the extent that the appellant withdrew his EEO complaint based on the incorrect representation by the EEO counselor that he could pursue the matter with the Board, notwithstanding the fact that the deadline to file a Board appeal had already passed, he may wish to raise that issue with the agency's EEO office. *See Checketts v. Department of the Treasury*, 91 M.S.P.R. 89, ¶ 9 n.2 (2002) (where the appellant appeared to allege that she withdrew her EEO complaint before exhausting the agency's mixed-case procedure based on incorrect advice from the agency, the Board advised her that she could petition the Board to reopen its final decision in her appeal if the Equal Employment Opportunity Commission ordered the agency to resume processing her EEO complaint and she exhausted the agency's mixed-case EEO procedure), *aff'd*, 50 F. App'x 979 (Fed. Cir. 2002).

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.