# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RENEE T. WILLIAMS,
                    Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                   Agency.

DOCKET NUMBER
PH-0752-17-0194-I-1

DATE: February 28, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Renee T. Williams, Douglassville, Pennsylvania, pro se.

Angela Madtes, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND this appeal to the Board's Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2        In June 2014, the agency appointed the appellant to a career-conditional position as a Program Support Clerk, GS-0303-04, and on November 16, 2014, the agency converted her to a career-conditional position as a Medical Reimbursement Technician, GS-0503-06.  Initial Appeal File (IAF), Tab 3 at 38, Tab 7 at 7.  The positions the appellant occupied were covered by a collective bargaining agreement (CBA) between the agency and the American Federation of Government Employees, Local 1966 (union).  IAF, Tab 7 at 10.  In August 2015, the appellant's supervisor issued her a 90-day performance improvement plan (PIP).  *Id.* at 51-54.  On October 14, 2015, the appellant's supervisor notified her that she would not receive a within-grade increase (WIGI) that was to be effective on November 1, 2015; two days later, the union filed a grievance regarding the proposed WIGI denial.  IAF, Tab 3 at 47-49.  On December 11, 2015, the appellant contacted an agency equal employment opportunity (EEO) counselor, and on February 1, 2016, the appellant filed a formal complaint of discrimination.  *Id.* at 12, 18.  On February 4, 2016, following the appellant's unsuccessful completion of the PIP, the agency proposed her removal for unacceptable performance.  IAF, Tab 7 at 28-30.  The appellant provided a written reply to the proposed removal, and on February 29, 2016, the agency issued a decision sustaining the proposed removal, effective March 9, 2016.  *Id.* at 14, 16-18, 22-26.

¶3        By letter dated September 29, 2016, the agency notified the appellant of her rights regarding the issues raised in her February 1, 2016 complaint of discrimination; in particular, the agency notified her that two of her claims, which concerned the denial of the WIGI and the removal, were appealable to the Board

and provided her rights to appeal these claims to the Board.[2]  IAF, Tab 3 at 2-6. On January 6, 2017, the agency issued a final agency decision (FAD) finding that the appellant had failed to prove discrimination and providing her rights to appeal the decision, and on February 2, 2017, the agency issued a corrected FAD, which corrected the date the FAD was issued.  *Id.* at 8-36.

¶4  On March 1, 2017, the appellant filed a Board appeal challenging the denial of the WIGI and the removal, and she requested a hearing.  IAF, Tab 1.  The agency moved to dismiss the appeal, arguing that the appeal was untimely because it was not filed within 30 days of her removal, and she had elected to contest her removal under EEO procedures.  IAF, Tab 7 at 7-8.  The administrative judge issued orders requiring the appellant to file evidence and argument showing that the Board had jurisdiction over the appeal under 5 U.S.C. § 7511 and because she had elected to proceed with an EEO complaint.  IAF, Tabs 2, 8.  The appellant's response argued that the agency had notified her in its September 29, 2016 letter of her right to appeal the WIGI denial and removal to the Board and that she timely filed her appeal after she received the corrected FAD.  IAF, Tab 10 at 5-11.  The administrative judge then issued an initial decision dismissing the appeal.  IAF, Tab 11, Initial Decision (ID).  She found that the appellant was serving under a competitive appointment and had completed over 1 year of service with the agency, and thus she was eligible to file a Board appeal.  ID at 2-3.  However, the administrative judge found that the appellant's filing of an EEO complaint following her removal demonstrated that she elected to proceed with the EEO process, which prevented her from appealing to the Board.  ID at 3-4.

---

[2] The formal complaint of discrimination is not in the record; however, it appears that the appellant amended her February 1, 2016 discrimination complaint to include a claim that the agency removed her because of her race and in reprisal for protected EEO activity.  IAF, Tab 3 at 2.

¶5    The appellant has filed a petition for review in which she disagrees with the agency's motion to dismiss because she timely filed her appeal within 30 days of the issuance of the corrected FAD, and she argues the merits of her appeal. Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.  For the reasons below, we conclude that the administrative judge erred in dismissing the appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The administrative judge's finding that the appellant qualified as an employee with appeal rights under 5 U.S.C. chapter 75 is not in dispute, and we discern no reason to disturb this finding.  ID at 2-3.  The record reflects that, at the time of her removal, the appellant was serving under an appointment to the competitive service and had completed 1 year of current, continuous service under an appointment other than a temporary one limited to 1 year or less, and thus had standing to challenge the WIGI denial and removal.  IAF, Tab 3 at 38, Tab 7 at 7; *see* 5 U.S.C. § 7511(a)(1)(A); *Dodson v. Department of the Navy*, 111 M.S.P.R. 504, ¶ 4 (2009).

¶7    However, the administrative judge erred in finding that the appellant's election to file an EEO complaint divested the Board of jurisdiction over the appeal.  ID at 3-4.  Here, the appellant was covered by a CBA, and she has alleged that the agency denied her a WIGI because of her race and removed her because of her race and as reprisal for protected EEO activity.  IAF, Tab 7 at 10, Tab 10 at 5.  The Board has jurisdiction over a reconsideration decision sustaining a negative determination of competence for a General Schedule employee, resulting in the denial of a WIGI, 5 U.S.C. § 5335(c); 5 C.F.R. § 1201.3(a)(8), and a removal for unacceptable performance, 5 U.S.C. § 4303(e); 5 C.F.R. § 1201.3(a)(5).  Further, discrimination on the basis of race and reprisal based on an employee's participation in EEO activity are prohibited personnel

practices under 5 U.S.C. § 2302(b)(1). *Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶ 16 n.8 (2007).

¶8        Under 5 U.S.C. § 7121(d), an employee affected by a prohibited personnel practice under 5 U.S.C. § 2302(b)(1), which also falls under the coverage of the negotiated grievance procedure of a CBA that covers the employee, may raise the matter under the negotiated procedure or a statutory procedure, but not both.[3] *Galloway v. Social Security Administration*, 111 M.S.P.R. 78, ¶ 14 (2009); *Goodwin*, 106 M.S.P.R. 520, ¶ 19. The statutory procedures contemplated by section 7121(d) include an appeal to the Board or the filing of an EEO complaint. *Goodwin*, 106 M.S.P.R. 520, ¶ 19; *Weslowski v. Department of the Army*, 80 M.S.P.R. 585, ¶ 9, *aff'd*, 217 F.3d 854 (Fed. Cir. 1999) (Table). Thus, when an employee is covered by a CBA and alleges that an otherwise appealable adverse action was based on prohibited discrimination, the employee's choice of forum under section 7121(d) is between the negotiated grievance procedure, a Board appeal, and a formal EEO complaint. *Galloway*, 111 M.S.P.R. 78, ¶ 14. An employee is deemed to have elected a forum under section 7121(d) at such time as the employee timely files a grievance in writing, in accordance with the provisions of the parties' negotiated procedure, or timely initiates an action under the applicable statutory procedure, whichever occurs first. *Id.*, ¶ 15.

¶9        Even if the appellant initially elects to file a formal EEO complaint regarding an action otherwise appealable to the Board, she may file a Board appeal upon exhaustion of the agency EEO process. 5 U.S.C. § 7702(a)(1)-(2); *Goodwin*, 106 M.S.P.R. 520, ¶¶ 19-21; *see Checketts v. Department of the*

---

[3] Although the CBA is not in the record, the union cited portions of the CBA in grieving the proposed WIGI denial and in response to the appellant's proposed removal, suggesting that the adverse actions at issue are covered by the negotiated procedure set forth in the CBA. IAF, Tab 3 at 48, Tab 7 at 22-23. Even if the actions at issue are not covered by the negotiated procedure, the procedures regarding mixed-case complaints, as set forth at 5 C.F.R. § 1201.154(b) and 29 C.F.R. § 1614.302, and discussed below, would nevertheless apply to this appeal.

*Treasury*, 91 M.S.P.R. 89, ¶ 5 (stating that, once the appellant made an informed election to proceed through the agency's EEO process, she was bound to exhaust that process prior to filing a Board appeal), *aff'd*, 50 F. App'x 979 (Fed. Cir. 2002).  Under 5 C.F.R. § 1201.154(b), if an appellant has filed a timely formal complaint of discrimination with her agency relating to or stemming from an action that can be appealed to the Board, also known as a mixed-case complaint, an appeal to the Board must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue.  *McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, ¶¶ 10, 12 (2008); *see* 29 C.F.R. § 1614.302(b), (d).  Further, if the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days.  *McCoy*, 108 M.S.P.R. 160, ¶ 10; 5 C.F.R. § 1201.154(b)(2); *see* 29 C.F.R. § 1614.302(d).

¶10    Here, although the appellant initially elected to file a formal EEO complaint regarding the denial of the WIGI and her removal, after receiving the agency's final decision on the discrimination issues she raised, the appellant was entitled to appeal the matter to the Board within the time period specified in 5 C.F.R. § 1201.154(b).  Accordingly, we find that the administrative judge erred in dismissing the appeal as precluded by election of the EEO process, and we remand this matter for further proceedings, as set forth below.

¶11    Upon remand, the administrative judge shall determine whether the appeal of the FAD was timely filed.  As set forth above, when an appellant has timely filed a mixed-case complaint with her agency prior to filing a Board appeal, the timeliness of the Board appeal is analyzed under 5 C.F.R. § 1201.154.  *Augustine v. Department of Justice*, 100 M.S.P.R. 156, ¶ 7 (2005).  The agency issued its initial FAD on January 6, 2017, and it issued a corrected FAD on February 2, 2017.  IAF, Tab 3 at 8-36.  Although the errata order issuing the corrected FAD informed the appellant that the correction did not change the applicable time

limits for appealing the decision, she did not appeal the FAD until March 1, 2017. IAF, Tab 1, Tab 3 at 8. Neither the initial FAD, nor a complete copy of the corrected FAD, is in the record. IAF, Tab 3 at 8-36. Thus, the administrative judge shall determine whether the initial January 6, 2017 FAD or the corrected February 2, 2017 FAD constituted the agency's final decision on the discrimination issues. If the January 6, 2017 FAD constituted the agency's final decision, the administrative judge shall determine whether the appellant has shown good cause for the delay in appealing the decision, such that a waiver of the time limit to appeal is warranted. 5 C.F.R. §§ 1201.12, 1201.22(c), 1201.154(b)(1); *see Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶ 10 (2017) (stating that to establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case).

¶12       On remand, the administrative judge also shall determine whether the Board has jurisdiction over the denial of the WIGI. The record reflects that on October 14, 2015, the appellant received notice that she would not receive a WIGI due on November 1, 2015, and it appears that on November 3, 2015, the appellant's supervisor notified her that the WIGI was denied. IAF, Tab 3 at 2, 47-49. The record does not indicate whether the appellant sought reconsideration of the WIGI denial. An employee is ordinarily not entitled to appeal the denial of a WIGI to the Board unless she first has timely sought and received a reconsideration decision from the agency. 5 U.S.C. § 5335(c); *Goines v. Merit Systems Protection Board*, 258 F.3d 1289, 1292 (Fed. Cir. 2001). The administrative judge thus shall determine whether the appellant sought reconsideration of the WIGI, and whether the agency issued a reconsideration decision. Should the administrative judge find in the negative, the administrative judge then shall decide whether the Board does or does not have the authority to review the denial of the WIGI under the circumstances. Should the administrative judge find in the affirmative, to the extent the record reflects that

the appellant may have filed a grievance prior to filing an EEO complaint concerning the denial of the WIGI, the administrative judge shall address whether the appellant made a valid election of a different forum for pursuing this claim. *See* 5 U.S.C. § 7121(d); *Galloway*, 111 M.S.P.R. 78, ¶¶ 14-15.

## ORDER

¶13    For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:          /s/ for
                                             Jennifer Everling
                                             Acting Clerk of the Board

Washington, D.C.