**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KIMBERLY L. WARNER,
            Appellant,

       v.

GOVERNMENT PUBLISHING
    OFFICE,
            Agency.

DOCKET NUMBER
DC-0752-18-0204-I-1

DATE:  April 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Keisha Williams, Esquire, Washington, D.C., for the appellant.

Nate Nelson, Petersburg, Virginia, for the appellant.

LaTonya D. Hayes, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as withdrawn with prejudice.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to DISMISS the appeal for lack of jurisdiction, we AFFIRM the initial decision.

## BACKGROUND

The appellant, a Deposit Account Collection Analyst, filed an appeal with the Board challenging the agency's 45-day suspension action. Initial Appeal File (IAF), Tab 1 at 2. On February 23, 2018, the agency filed a motion to dismiss the appeal in accordance with 5 C.F.R. § 1201.154(c) because the appellant had initially filed a formal complaint of discrimination with the agency. IAF, Tab 18 at 4-8. The appellant did not respond to the motion to dismiss. Instead, on February 28, 2018, the appellant's attorney withdrew the appeal during a teleconference. IAF, Tab 22 (recording of withdrawal request). The administrative judge subsequently issued an initial decision dismissing the appellant's appeal as withdrawn, with prejudice. IAF, Tab 23, Initial Decision (ID).

The appellant timely filed a petition for review.[2] Petition for Review (PFR) File, Tab 5. The agency has filed a response. PFR File, Tab 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

Ordinarily, an appellant's withdrawal of an appeal is an act of finality, and in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board or to cure an untimely petition for review. *Small v. Department of Homeland Security*, 112 M.S.P.R. 191, ¶ 4 (2009). However, a relinquishment of one's right to appeal to the Board must be by clear, unequivocal, and decisive action. *Rose v. U.S. Postal Service*, 106 M.S.P.R. 611, ¶ 7 (2007). Further, the Board may relieve an appellant of the consequences of her decision to withdraw an appeal when the appellant's decision was based on misleading or incorrect information provided by the Board or the agency. *Id.*

On review, the appellant asserts that she did not give her attorney permission to withdraw her Board appeal.[3] PFR File, Tab 5 at 1, 23. It is well

---

[2] The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant submits various documents for the first time on review, but because she has not shown that the documents are material to the outcome of her case, we need not consider them. PFR File, Tab 5 at 10-11, 16-17, 26-30, 32, 41. The appellant also submits documents that were included in the record below, PFR File, Tab 5 at 13-14, 34-39, but these documents do not constitute new evidence. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

[3] The appellant also asserts that the withdrawal of her appeal was based on misinformation because the agency misled her then-attorney and the administrative judge by filing a motion to dismiss that included misrepresentation of the truth and false evidence. PFR File, Tab 5 at 1, 24. She alleges that it was the motion to dismiss that "misled the judge and all others to conclude with an unjust dismissal with prejudice." *Id.* at 1. However, this argument appears to misconstrue the standard by arguing that the allegedly false information from the agency misled her attorney and the administrative judge, when instead the standard is whether the administrative judge or agency misled the appellant in making her decision to withdraw her appeal. *Rose*, 106 M.S.P.R. 611, ¶ 7. Furthermore, the administrative judge did not dismiss the

settled that an appellant is responsible for the actions of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). However, the Board has also held that where an appellant's diligent efforts to prosecute her appeal were thwarted by her representative's negligence or malfeasance, the appellant should not be bound by her representative's actions. *See Simon v. Department of Justice*, 112 M.S.P.R. 169, ¶¶ 7-9 (2009) (remanding for a determination on whether the appellant's withdrawal of her appeal was voluntary when she claimed she had not authorized her representative to withdraw the appeal, she did not sign the withdrawal motion, and she was not on the certificate of service); *Caracciolo v. Office of Personnel Management*, 86 M.S.P.R. 601, ¶¶ 5-8 (2000).

The record reflects that, during the audio recording of the teleconference, the administrative judge stated that he had explained to the appellant's attorney, who had explained it to the appellant, that a withdrawal of a Board appeal is an act of finality, which means that the appellant will not be able to file a Board appeal in the future for the same suspension action. IAF, Tab 22. During the recorded teleconference, the appellant's attorney affirmatively stated that the withdrawal of the appeal was consistent with her conversations with the appellant. *Id.* On review, the appellant submits an affidavit affirming, under penalty of perjury, that "no one explained to me about the concept of *With Prejudice or Without Prejudice prior to the withdrawal of my MSPB appeal*," "the judge or my attorney never explained to me about concept of Finality or dismissed with prejudice meant," and "I did not give my attorney permission to withdraw my MSPB appeal *with prejudice*." PFR File, Tab 5 at 23 (emphasis in the original). However, regardless of whether the appellant authorized the

---

appeal with prejudice based on the merits of the motion to dismiss—he based it on the appellant's withdrawal of the appeal. ID at 2. Thus, to the extent the appellant intends to assert that she was misled by the agency or the administrative judge, we find that the appellant has not shown that she was misinformed by either.

withdrawal of her appeal below, we find, for the reasons discussed below, that the appeal lies outside the Board's jurisdiction.

<u>The appellant made a valid election to file a formal EEO complaint with her agency, as amended to include her 45-day suspension, before she appealed to the Board.</u>

Although not raised directly by either party on review, the issue of Board jurisdiction is always before the Board and may be raised by either party or sua sponte by an administrative judge or the Board at any time during a Board proceeding. *Checketts v. Department of the Treasury*, 91 M.S.P.R. 89, ¶ 4, *aff'd*, 50 F. Appx. 979 (Fed. Cir. 2002).

When an appellant has been subjected to an action that is appealable to the Board, and alleges that the action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability, or age, she may initially file a mixed-case complaint with her employing agency, or a mixed-case appeal with the Board, but not both, and whichever is filed first is deemed to be an election to proceed in that forum. 5 U.S.C. § 7702(a); *Moore v. Department of Justice*, 112 M.S.P.R. 382, ¶ 12 (2009); 29 C.F.R. § 1614.302(b); 5 C.F.R. § 1201.154(a)-(b). An election is not valid unless the agency has properly informed the appellant of the election requirement and its consequences. *Dawson v. U.S. Postal Service*, 45 M.S.P.R. 194, 197 (1990). Once an appellant makes an informed election to proceed through the agency's equal employment opportunity (EEO) process, she is bound to exhaust that process prior to filing a Board appeal. *Checketts*, 91 M.S.P.R. 89, ¶ 5.

Here, the agency's November 21, 2017 suspension decision notice clearly informed the appellant that she could file an appeal with the Board or file an EEO complaint. The notice stated, in part:

> Where an agency action is one that may be appealed to the MSPB and an employee believes that action was based on race, color, religion, sex, national origin, age, disability, or genetic information, the employee may file a mixed case EEO complaint with the Agency or a mixed case appeal to the MSPB, but not to both on the same matter. If an employee attempts to file both an EEO complaint with the Agency and an appeal to the MSPB, whichever of the two is filed first shall be considered an election to proceed in that forum.

IAF, Tab 15 at 13. Thus, contrary to the appellant's assertions, the agency duly informed her of the consequences of her election.

The record reflects that the appellant filed a formal EEO complaint regarding, among other things, a recommendation for corrective action in June 2017. IAF, Tab 14 at 49-56. On October 26, 2017, she sought to amend her complaint to include her proposed 90-day suspension. IAF, Tab 18 at 28. As noted above, the agency advised the appellant in the November 21, 2017 decision notice that if she filed under more than one procedure, the procedure under which she timely filed first would effectively be her election. IAF, Tab 15 at 13. Thereafter, on November 22, 2017, she sought a second amendment to her complaint to include the November 21, 2017 suspension decision. IAF, Tab 18 at 31-32, Tab 15 at 9-25. Thus, contrary to the appellant's assertions, we find that her November 22, 2017 amendment to her EEO complaint was an informed election by the appellant to proceed in that forum. *See Moore*, 112 M.S.P.R. 382, ¶ 14.

The appellant, however, withdrew her timely filed EEO complaint amendment, IAF, Tab 20 at 8-9, before either of the events occurred that would have exhausted the agency's EEO process, i.e., she withdrew her complaint before the agency issued a final decision resolving the complaint and before 120 days had passed since she filed her complaint. *See* 5 C.F.R. § 1201.154(b);

29 C.F.R. § 1614.302(d).  The appellant's withdrawal of her complaint prior to the exhaustion of the EEO process was at her own peril.  *Checketts*, 91 M.S.P.R. 89, ¶ 6.  Given that the appellant failed to exhaust the agency's mixed-case EEO procedure after making an informed election to proceed in that forum, the Board does not have jurisdiction over her appeal.  *Id., ¶* 7.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.