# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TY WILL,<br>               Appellant,<br><br>     v.<br><br>UNITED STATES POSTAL SERVICE,<br>             Agency. | DOCKET NUMBER<br>PH-0752-24-0323-I-1<br><br><br>DATE: April 23, 2026 |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Michael Kevin Murray</u>, West Long Branch, New Jersey, for the appellant.

<u>Roderick Eves</u>, Saint Louis, Missouri, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed as an EAS-20 Postmaster in Colchester, Vermont, when he sustained an on-the-job injury in June 2015. Initial Appeal File (IAF), Tab 4 at 33, 40. Following the injury, the appellant requested reassignment as a Postmaster in Underhill, Vermont, which was an EAS-18 position, as a reasonable accommodation and the agency temporarily granted his request. *Id*. at 33, 39. On or around May 2017, the appellant requested to stay in the Underhill Post Office with saved grade and pay. *Id*. at 37, 39. The District Reasonable Accommodation Committee met to consider the appellant's request and extended him a permanent rehabilitation job offer to the Underhill Post Office; the agency noted in the permanent rehabilitation job offer that the appellant would have to receive the saved rate as a Level 20 Postmaster if he were to be placed in Level 18. *Id*. at 33-39. Effective September 15, 2018, the appellant was permanently placed in the Underhill Post Office as an EAS-18 Postmaster, with saved indefinite pay. *Id*. at 32.

On May 8, 2024, the appellant filed a Board appeal, alleging that the agency reduced his grade on September 15, 2018 and did not notify him of his right to appeal to the Board. IAF, Tab 1 at 2. He argued that the agency's action constituted a denial of due process and requested a hearing. *Id*. at 1-2. The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant voluntarily requested and accepted reassignment to a lower graded position. IAF, Tab 4 at 6-10. The agency indicated that, alternatively, the appeal could be dismissed as untimely filed. *Id*. at 10-11.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 5, Initial Decision (ID) at 1, 4. The administrative judge found that the agency's decision to reduce the appellant's grade clearly conveyed to the appellant his Board appeal rights and the 30-day timeframe for filing an appeal. ID at 3. He further found that the appeal was more than 5 years late because the deadline for

the appeal was October 18, 2018. *Id*. In so finding, the administrative judge noted that the appellant provided no evidence or argument that his appeal was timely filed or that he had good cause for his untimeliness. *Id*.

The appellant has filed a petition for review, arguing that he should have been afforded 10 days to respond to the agency's May 29, 2024 motion to dismiss, but the administrative judge prematurely issued the initial decision on June 5, 2024, prior to the deadline for his response. Petition for Review (PFR) File, Tab 1 at 2. He also argues that the administrative judge erroneously stated that a decision letter notified him of his right to appeal the agency's action to the Board and the agency did not provide any evidence to support the administrative judge's statement in that regard. *Id*. The agency has filed a response in opposition to the petition for review,[2] to which the appellant has replied. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

As an initial matter, we agree with the appellant's assertion that his appeal was dismissed prematurely. The only order issued by the administrative judge was his acknowledgment order, which provided general instructions about case

---

[2] In its response to the appellant's petition for review, the agency does not respond to the appellant's arguments. Instead, the agency asserts that the appellant's petition for review should be dismissed as untimely by a day. PFR File, Tab 3 at 4-6. We disagree.

The record reflects that the Board's Northeastern Regional Office received the appellant's petition for review on July 11, 2024 and promptly forwarded it to the Office of the Clerk of the Board. PFR File, Tab 1 at 1, Tab 2 at 2. For purposes of timeliness, when an appellant erroneously files a petition for review with a regional office instead of with the Office of the Clerk of the Board, the Board considers the date of filing with the regional office to determine whether the petition for review was timely filed. *See Ryan v. Office of Personnel Management*, 49 M.S.P.R. 126, 128 (1991). Here, the pleading filed with the Northeastern Regional Office was postmarked on July 9, 2024. PFR File, Tab 1 at 29. Under 5 C.F.R. § 1201.4(*l*), the "date of filing by mail is determined by the postmark date." Thus, we have treated the date of filing for the appellant's petition for review as July 9, 2024. *See Ryan*, 49 M.S.P.R. at 128; *see also* 5 C.F.R. § 1201.4(*l*). Because the deadline for the appellant's petition for review was July 10, 2024, ID at 4, we find that it was timely filed.

processing. Among other things, that order indicated that the appellant would be given 10 calendar days to respond to any motion by the agency. IAF, Tab 2 at 4. After that acknowledgment order, the agency filed its motion to dismiss the appeal as untimely and outside the Board's jurisdiction. IAF, Tab 4. Less than 10 calendar days later, the administrative judge prematurely dismissed the appeal as untimely. IAF, Tab 5. At a minimum, the administrative judge should have afforded the appellant the 10 calendar days identified in the acknowledgment order to respond to the agency's motion to dismiss.

We next agree with the appellant's assertion that the administrative judge erred in finding that a decision letter regarding the appellant's reassignment to the lower graded position included notice of the appellant's Board appeal rights. The administrative judge reached this conclusion without citing any evidence in support of the same and we found none.[3] *See* ID at 3.

With those issues out of the way, we now turn to the underlying questions of timeliness and jurisdiction in this appeal. Although the existence of Board jurisdiction is a threshold issue, in an appropriate case, an administrative judge may dismiss an appeal as untimely filed if the record on timeliness is sufficiently developed and shows no good cause for the untimely filing. *See Popham v. U.S. Postal Service,* 50 M.S.P.R. 193, 197 (1991). That approach is not appropriate, however, if the jurisdictional and timeliness issues are "inextricably intertwined"; that is, if resolution of the timeliness issue depends on whether the appellant was subjected to an appealable action and, thus, entitled to notice of Board appeal rights. *See Hanna v. U.S. Postal Service,* 101 M.S.P.R. 461, ¶ 6 (2006). In this case, we find that the jurisdictional and timeliness issues are inextricably intertwined. Therefore, dismissal for timeliness reasons is not appropriate without first resolving the question of whether the Board has jurisdiction in this

---

[3] According to the appellant, he received no such notice of Board appeal rights. IAF, Tab 1 at 2. The agency does not seem to have presented any argument or evidence to the contrary.

appeal. As detailed below, that jurisdictional question requires remand for further adjudication.

An appeal may be dismissed for lack of jurisdiction only if the appellant has been placed on specific notice of what must be shown or alleged to establish jurisdiction, and the appellant fails to make the requisite showing or allegations. *See Rumph v. U.S. Postal Service*, 101 M.S.P.R. 243, ¶ 7 (2006). An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board,* 758 F.2d 641, 643–44 (Fed. Cir. 1985). In addition, he must be fully informed of what he needs to show in order to be entitled to a jurisdictional hearing, namely, that he must make a nonfrivolous allegation by setting forth specific allegations of fact which, if proven, could establish a prima facie showing of Board jurisdiction. *Rumph*, 101 M.S.P.R. 243, ¶ 7.

Here, in his initial appeal, the appellant asserted that his placement in an EAS-18 position was a reduction in grade. *See* IAF, Tab 1 at 1-2. The administrative judge did not provide the appellant with explicit information on the jurisdictional requirements for that claim and the agency's motion to dismiss did not inform the appellant of the jurisdictional requirements for that claim to cure the lack of notice. *See* IAF, Tabs 2, 8; *Burgess*, 758 F.2d at 643-44; *Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 5 (2006). As noted above, the initial decision also did not address the jurisdictional issue. Thus, the appellant did not receive proper notice of the jurisdictional requirements to make a nonfrivolous allegation.

A U.S. Postal Service employee has a right to appeal an adverse action, including a reduction in grade or pay, to the Board if he (1) is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) has completed 1 year of current continuous service in the same or similar positions. 39 U.S.C. § 1005(a)(4)(A); 5 U.S.C. § 7511(a)(1)(B)(ii); *Hamilton v.*

*U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 17 (2016). To constitute an appealable action, a reduction in grade or pay must be involuntary. *See Goodwin v. Department of Transportation,* 106 M.S.P.R. 520, ¶ 12 (2007); *see also* 5 U.S.C. § 7512(3), (4). If, as the appellant alleges, his reassignment resulted in a reduction in grade, a question exists regarding whether his reassignment was a voluntary action outside of the Board's jurisdiction.[4] An employee's reassignment to a lower-graded position will be deemed involuntary, and thus, appealable, he establishes that his acceptance of the reduction in grade was the result of duress or coercion brought on by the agency, or his reasonable reliance on misleading statements by the agency. *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010).

If the administrative judge determines on remand that the Board has jurisdiction over the appeal, he must address the timeliness of the appeal. The Board's regulations provide that an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed or 30 days after the date of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). The regulations further provide that, if a party does not submit an

---

[4] Aside from arguing that the appellant voluntarily accepted the reassignment to a lower graded position, the agency presented another basis for asserting that this appeal should be dismissed. According to the agency, the appellant filed an employment opportunity (EEO) complaint about the reduction in grade about a month after it occurred, when he received an associated Standard Form 50. IAF, Tab 4 at 8, 29. The appellant withdrew his EEO complaint before the agency issued a final decision resolving the complaint and before 120 days passed since he filed his complaint. *Id*. at 28-30; *see* 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.302(d). Consequently, the agency has argued that this election to pursue the matter through the EEO process precludes him from now pursuing the matter through this Board appeal. IAF, Tab 4 at 9-10; *see Checketts v. Department of the Treasury*, 91 M.S.P.R. 89, ¶ 7, *aff'd*, 50 F. App'x 979 (Fed. Cir. 2002). However, it is not apparent to us that the appellant's EEO claim was an informed election, since we have thus far seen no evidence that the agency provided the appellant with an explanation of his Board appeal rights. The parties may further develop this issue, as needed, on remand.

appeal within the applicable time limit, it will be dismissed as untimely filed unless a good reason for the delay is shown. 5 C.F.R. § 1201.22(c).[5]

In determining whether an appellant has established good cause to waive the timeliness requirements for filing an appeal, the Board's analysis generally depends on whether the agency was required to provide notice of the appellant's right to appeal the action at issue and whether the agency provided such notice. In the absence of duty on the agency's part to provide notice of appeal rights, an appellant must establish that he exercised due diligence in discovering and pursuing a right of appeal before the Board will excuse an untimely filed appeal for good cause shown. *Cranston v. U.S. Postal Service,* 106 M.S.P.R. 290, ¶ 9 (2007). However, an appellant who was not provided a required notice of appeal rights is not required to show that he exercised due diligence in attempting to discover his appeal rights; the question is whether he was diligent in filing an appeal after he learned he could do so. *Id.*

On remand, the administrative judge should inform the appellant of the requirements to establish the Board's jurisdiction in this appeal and provide the parties the opportunity to present evidence and argument on the issue of Board jurisdiction, as well as the timeliness of the appeal, to the extent that issue is reached. The administrative judge should hold a hearing, if appropriate, and issue a new initial decision.[6]

---

[5] When the appellant has filed a timely formal complaint of discrimination with the agency regarding the matter that is appealable to the Board, the time limit for filing the appeal is governed by 5 C.F.R. § 1201.1540 rather than by 5 C.F.R. § 1201.22. However, the time limit set forth at 5 C.F.R. § 1201.154 is inapplicable here because the appellant withdrew his informal EEO complaint and never filed a formal complaint of discrimination with the agency. IAF, Tab 4 at 28-30; *see Cranston v. U.S. Postal Service,* 106 M.S.P.R. 290, ¶ 8 n.1.

[6] With the appellant's petition for review, he submits several documents, some of which are included in the record below. PFR File, Tab 1 at 9-27; IAF, Tab 4 at 37-38. To the extent that any of the newly submitted documents were not included in the record below, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed

**ORDER**

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

despite the party's due diligence. *Chin v. Department of Defense*, 2022 MSPB 34, ¶ 8; *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, the documents submitted with the appellant's petition for review are for informational purposes or predated the close of the record and thus were available before the record closed. The appellant has not explained why he was unable to submit them then, nor has he explained how they are otherwise of sufficient weight to warrant an outcome different than that of the initial decision. Regarding the appellant's claim that the agency failed to follow its own procedures in reducing his grade, which he describes as harmful error, such a claim was not raised below, and he may not raise it for the first time on review. PFR File, Tab 1 at 5-6, *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Nonetheless, to the extent any of the appellant's arguments or documents on review relate to the issues being adjudicated, the administrative judge may consider them on remand.