**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

THADDEUS A. KNIGHT,
Appellant,

v.

DEPARTMENT OF JUSTICE,
Agency.

DOCKET NUMBER
AT-0353-23-0128-I-1

DATE: October 10, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Jennifer Duke Isaacs, Atlanta, Georgia, for the appellant.

Angela D. Gerrits, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and find that the Board has jurisdiction over the restoration appeal. We REMAND the appeal for the administrative judge to adjudicate the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

election of remedies issue and, depending on the outcome of that issue, to adjudicate the merits of the restoration appeal.

## BACKGROUND

The appellant joined the Federal Bureau of Investigation (FBI) as a Special Agent in 1997. Initial Appeal File (IAF), Tab 10 at 5. He was in a car accident while on duty in 2001, he suffered numerous injuries, and his claim for a traumatic work-related injury was accepted by the Office of Workers' Compensation Programs (OWCP). *Id.* at 5, 16. The appellant last worked at the agency on November 11, 2002. *Id.* at 16. The record reflects that the appellant resigned on December 4, 2012. *Id.* at 21. The appellant requested reemployment at some point prior to November 15, 2021. IAF, Tab 1 at 26.

In December 2021, the agency made a conditional offer of a GS-11 step 10 Administrative Specialist position, which OWCP found was a suitable position, and the appellant accepted the offer "under protest and duress." IAF, Tab 1 at 20, 26, Tab 10 at 7. The appellant was required to undergo an FBI background investigation, including a polygraph examination, but he did not pass the polygraph examination. IAF, Tab 7 at 18-20, 26, Tab 10 at 7, 22-23. Because of his failure to pass the polygraph examination, he was informed that he was ineligible for employment at the FBI. IAF, Tab 1 at 25, Tab 10 at 7. On October 5, 2022, OWCP informed the appellant that the agency was unable to place him as an Administrative Specialist because he was "unable to pass a background check." IAF, Tab 10 at 23. A few days later, the appellant followed up with the agency and requested that it complete his background investigation. *Id.* at 22. On December 16, 2022, the appellant received a response, informing him that he had been "found ineligible for employment with the FBI on 4/8/22." *Id.* at 24-26.

The appellant filed a Board appeal on December 19, 2022, alleging that the agency violated his restoration rights. IAF, Tab 1. The administrative judge

dismissed the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID) at 1. The administrative judge noted that the parties did not dispute that the appellant was absent from his position due to a compensable injury, that he recovered sufficiently to return to work, and that he had not been returned to work. ID at 5. She also noted that the outstanding issue was whether the appellant made a nonfrivolous allegation that the agency's denial of restoration was arbitrary and capricious. *Id.* The administrative judge found that the agency's failure to provide the appellant with an opportunity to rebut the findings regarding the failed polygraph examination did not constitute a nonfrivolous allegation that the denial of restoration was arbitrary and capricious. *Id.* In pertinent part, she noted that the agency searched in the local jurisdiction for available work, found a position for the appellant, and offered it to him. *Id.* She also noted that the polygraph examination results were a separate matter that went beyond the agency's restoration obligations, and the Board lacks the authority to review the substance of the agency's underlying security clearance determination. ID at 6 (citing *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988)). The administrative judge ultimately concluded that the agency met its restoration obligations when it offered the appellant the position, and he did not make a nonfrivolous allegation that the denial of restoration was arbitrary and capricious. *Id.* Finally, the administrative judge noted that the appellant argued that the position offered to him was an "effective denial of restoration," but she stated that she need not address this argument because the failed polygraph "rendered him ineligible to be employed by the FBI in any capacity." ID at 5 n.2.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has established Board jurisdiction over his restoration appeal.</u>[2]

To establish jurisdiction over a restoration appeal, a partially recovered individual must make nonfrivolous allegations[3] of the following: (1) he was absent from the position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious. *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12.

As noted above, the administrative judge found that the parties did not dispute that the appellant was absent from his position due to a compensable injury, he recovered sufficiently to return to work, and he has not been returned to work.[4] ID at 5. The record does not support this finding. Rather, the agency argued before the administrative judge that the appellant did not satisfy the first three elements of his jurisdictional burden. IAF, Tab 7 at 10-11, Tab 13 at 9-11.

---

[2] Before the administrative judge, the agency argued that the appeal was untimely filed. IAF, Tab 7 at 7-8. The administrative judge did not address this issue in the initial decision. We have reviewed, among other evidence, the agency's April 11, 2022 and December 13, 2022 correspondence with the appellant. IAF, Tab 7 at 15, Tab 10 at 24-26. In the absence of any final decision to deny restoration and trigger the Board's regulatory filing period, we find that the appeal was timely filed as measured from the agency's December 13, 2022 letter. Alternatively, even if the appeal was untimely filed, we find that there was good cause to waive the filing deadline. Importantly, none of the correspondence to the appellant was clear that the denial of restoration was final, and none of the documentation contained a notice of Board appeal rights.

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id.*

[4] Although the administrative judge stated that the parties did not dispute that the appellant has not returned to work, we believe—consistent with the elements of the appellant's jurisdictional burden—that she meant to say that the parties did not dispute that the agency denied his restoration request.

The agency did not file a cross petition for review. However, in its response to the petition for review, the agency directs the Board to its motion to dismiss and reply brief, it argues that the appeal should be dismissed because, among other things, the appellant "failed to establish that he was separated from the position due to a compensable injury or that he was recovered and able to return to duty," and it suggests that its offer of the Administrative Specialist position was not a denial of restoration. PFR File, Tab 3 at 10 & n.2 (citing IAF, Tabs 7, 13).

Even if we consider these arguments, a different outcome is not warranted. Regarding the first jurisdictional element, the agency asserted that the appellant failed to prove that the recission of his conditional job offer was in any way tied to his compensable injury but, rather, was due to his failure to obtain a security clearance. IAF, Tab 7 at 10-11. This argument is not persuasive because the position in question is the Special Agent position that the appellant once held, not the Administrative Specialist position that he never held. Regarding the second jurisdictional element, the agency asserted that the appellant did not show that he was rated as a partially recovered employee by OWCP. *Id.* at 11. We disagree. Notably, the appellant asserted in his equal employment opportunity (EEO) complaint that "OWCP has determined that [he is] a partially recovered employee," and OWCP determined that the "FBI job offer [was] suitable." IAF, Tab 1 at 26, Tab 7 at 26-27. These statements satisfy the appellant's burden to make a nonfrivolous allegation regarding the second jurisdictional element. 5 C.F.R. § 1201.4(s). Regarding the third jurisdictional element, we find that the agency's decision to make and rescind a conditional offer for a position for which the appellant was not qualified constitutes a nonfrivolous allegation of a denial of restoration. Having determined that the appellant made nonfrivolous allegations to satisfy the first three jurisdictional elements, the remaining issue before us is whether the appellant nonfrivolously alleged that the agency's denial of his restoration request was arbitrary and capricious.

The Board has held that a denial of restoration is arbitrary and capricious if the agency fails to meet its obligations under 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider him for such vacancies. *Cronin*, 2022 MSPB 13, ¶¶ 14, 20. A determination on whether an agency met its obligations under section 353.301(d) will turn on whether it "ma[d]e every effort" to restore a partially recovered employee "in the local commuting area" and "according to the circumstances in each case." *Id.*, ¶ 21 (quoting 5 C.F.R. § 353.301(d)).

The administrative judge found that, although OWCP identified the Administrative Specialist position as suitable for the appellant, the agency did not act arbitrarily and capriciously in rescinding its job offer because the appellant was unable to obtain the required security clearance. ID at 5-6. The administrative judge also found that, because the appellant failed the polygraph examination, he was "ineligible to be employed by the agency in any capacity." ID at 5 n.2.

We disagree with the administrative judge's analysis of the fourth jurisdictional element. Pursuant to 5 C.F.R. § 353.102(1), the term "agency" in this context means "any department, independent establishment, agency, or corporation in the executive branch." The Department of Justice (DOJ) is the agency in this case, not the FBI. *See* 5 U.S.C. §§ 101-105; *see Farrell v. Department of Justice*, 50 M.S.P.R. 504, 510, 512 (1991) (finding that the entire Department of Justice was the "agency" with the obligation to restore a partially recovered former employee of the U.S. Marshals Service), *overruled on other grounds by Leach v. Department of Commerce*, 61 M.S.P.R. 8, 13 (1994). Although employment in the FBI in any capacity may require a security clearance, there are DOJ positions outside of the FBI that do not have a security clearance requirement. The agency has offered no justification for limiting its search to FBI positions. Accordingly, we find that the appellant has made a

nonfrivolous allegation that the agency failed to satisfy its obligations under 5 C.F.R. § 353.301(d) and that the agency's denial of restoration was arbitrary and capricious. *See Cronin*, 2022 MSPB 13, ¶¶ 14, 20. We therefore find that the appellant has established jurisdiction.

<u>We remand the appeal for the administrative judge to evaluate the election of remedies issue.</u>

Our resolution of the jurisdictional issue, discussed above, does not resolve all outstanding issues presented in this matter. For example, the record reflects that the appellant filed his formal complaint of discrimination on December 14, 2022, five days before he filed his Board appeal. IAF, Tab 7 at 22-23. This complaint involved allegations that the appellant's restoration rights were violated when he was found ineligible for employment and his conditional offer was rescinded based on the failed polygraph examination. *Id.* The appellant also asserted that the agency's action was based on age and disability discrimination. *Id.* The agency argued below that the Board appeal should be dismissed because he filed his discrimination complaint first. *Id.* at 11-12. The administrative judge did not discuss this issue in the initial decision. We do so now.

When an appellant has been subjected to an action that is appealable to the Board and alleges that the action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap, or age, he may initially file a mixed-case complaint with his employing agency, or a mixed-case appeal with the Board, but not both, and whichever is filed first is deemed to be an election to proceed in that forum. *McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, ¶ 12 (2008); 29 C.F.R. § 1614.302(b); *see also Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 24 (stating that any restoration appeal within the Board's jurisdiction in which disability discrimination is claimed is, by definition, a mixed-case appeal under 29 C.F.R. § 1614.302(a)(2)). An election is not valid unless the agency has properly informed the appellant of

the election requirement and its consequences. *Moore v. Department of Justice*, 112 M.S.P.R. 382, ¶ 12 (2009); 29 C.F.R. § 1614.302(b). Once an appellant makes an informed election to proceed through the agency's EEO process, he is bound to exhaust that process prior to filing a Board appeal. *Checketts v. Department of the Treasury*, 91 M.S.P.R. 89, ¶ 5 (2002), *aff'd*, 50 F. App'x 979 (Fed. Cir. 2002).

The record does not contain any documentation to show that the appellant received a formal decision letter with the election of remedies notice required under 5 C.F.R. § 1201.21 and 29 C.F.R. § 1614.302(b). Therefore, we remand the appeal so that the parties can present evidence and argument in this regard and the administrative judge can decide whether the appellant's election to file a formal EEO complaint was knowing and informed. If the administrative judge determines that the appellant's decision to file an EEO complaint was not knowing and informed, then it was not valid, and the appellant should have an opportunity on remand to choose between his EEO complaint and his Board appeal. Depending on the outcome of these issues, the administrative judge shall proceed to adjudicate the merits of the appellant's restoration appeal.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.